UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DAWN MARLESHA HANCHARD, <br><br> Plaintiff, <br><br> v. <br><br> JOHN T. WILCHER, in his official capacity as Sheriff of Chatham County, Georgia, JOHN & JANE DOE SHERIFF'S DEPUTY SUPERVISORS and/or CORRECTIONAL SUPERVISORS (1-10), and JOHN & JANE DOE SHERIFF'S DEPUTIES and/or CORRECTIONAL OFFICERS (1-10), <br><br> Defendants. | CIVIL ACTION <br> FILE NO.4:21-cv-00262 |

## **AFFIDAVIT OF DAWN HANCHARD**

COMES NOW the undersigned Affiant and, under penalty of perjury, hereby testifies under oath as follows:

1.

My name is Dawn Hanchard and I am the Plaintiff in the above captioned lawsuit. I am over the age of majority and legally competent to testify.

2.

I hired Rook Ringer as my attorney because she was a transgender person

like myself with a passion for transgender legal issues such as those raised by this case. I have since learned that she hired Georgia attorney Craig T. Jones to assist her as local counsel since Ms. Ringer is not licensed in Georgia, but I never spoke to Mr. Jones before March 14, 2023.

3.

I telephoned Mr. Jones on March 14 because I received the letter from him that is attached as Exhibit A. That letter informed me that he intended to ask the Court for permission to withdraw as local counsel and told me that I had the right to object to the withdrawal. When Ms. Ringer withdrew from the case, she did not tell me that I had the right to object to the withdrawal, nor did she tell me that she had to ask the Court's permission to do so. She simply told me that it was no longer economically feasible for her to be my lawyer, and she suggested that I look for another lawyer to continue with the case.

4.

After Ms. Ringer withdrew from the case, I did reach out to a lawyer in Atlanta who said that he would be interested in taking over my case if the Defendants' motion for summary judgment was denied. I also learned from Mr. Jones today that he had contacted a lawyer in New York who specializes in transgender rights cases who had said he would have been happy to represent me had he been contacted early in the case, but now that a summary judgment motion had been filed and briefed by

both sides, there was nothing he could do to affect the outcome of the case. I now understand that the Magistrate Judge has recommended that the motion for summary judgment be denied. I also understand after talking with Mr. Jones that there was no meaningful discovery done in the case, and that Mr. Jones sees nothing in the record that would give me a reasonable chance of objecting to that recommendation or winning an appeal if the motion is ultimately granted. I feel that this is unfair to me because I placed my trust in Ms. Ringer but she did very little, so I was never given an opportunity to prove my case.

5.

After speaking with me on March 14, Mr. Jones told me that he no longer has any intention of withdrawing as counsel and leaving me unrepresented in this precarious position, even though I have made no arrangement to pay him. Mr. Jones asked me for permission to ask the Court to dismiss the case without prejudice so that I can find a new lawyer and start over from scratch. I believe that would protect my rights without hurting anyone else because so little time has been spent on this case by anyone, and I don't think it would be unfair to give me a chance to support my allegations while still giving the other side a chance to defend against those allegations. I think this is fair to both sides since my lawyer conducted no discovery I am aware of and there would be little duplication of effort or waste of resources on the part of the defense if I were allowed to dismiss and refile the case.

6.

Mr. Jones tells me that discovery is not accepted for efiling in the Southern District of Georgia and therefore he had no notice of what was being done by either Ms. Ringer or opposing counsel prior to the motion for summary judgment. He also tells me that his role as local counsel was to attend all trials, hearings, and conferences, and because there were no such proceedings scheduled in this case he was simply waiting for word from Ms. Ringer on when his involvement would be necessary. Because that never happened, he and I never developed a relationship and neither he nor I had any reason to believe that Ms. Ringer was not doing discovery or aggressively working the case.

7.

Based on my lengthy conversation with Mr. Jones, I have agreed to accept his recommendation to file a motion to dismiss the case without prejudice so I can refile it with another lawyer, perhaps one of the two that we have already reached to. Mr. Jones is willing to stay in the case to help with the transition to new counsel and, in the event that I hire someone from outside the District, to continue to serve as local counsel unless my new lawyer does not need his assistance.

**I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. §1746 THAT THE FOREGOING IS TRUE AND CORRECT on this the 15th of March, 2023.**

_____
DAWN HANCHARD

# EXHIBIT A

# CRAIG T. JONES
**TRIAL LAWYER**

Craig T. Jones, PC
Post Office Box 129
Washington, Georgia 30673

Office (706) 678-2364
Cell (678) 643-0062
craigthomasjones@outlook.com

*craigtjones.com*

March 8, 2023

SENT VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED
COPY SENT VIA FIRST CLASS MAIL

Dawn Hanchard
8544 Park Highland Drive
Tampa, FL 32818

RE: Lawsuit against Chatham County jail

Dear Dawn:

    As you know, Rook Ringer withdrew as your attorney in this case. What you may not know is that Rook had associated me in the case as local counsel since she is not licensed in Georgia, and my name is still listed with the court as one of your lawyers. You and I have never communicated and I have no arrangement with you to represent you in this case, and I would be surprised if you even knew that I existed since you have never contacted me. Now that Rook has withdrawn, I intend to ask the court for permission to withdraw as well.

    Pursuant to the Court rules, I am required to give you fourteen (14) days' notice before filing a motion to withdraw so you can file an objection with the court or otherwise let your intentions be known. That is the purpose of this letter.

    By now you should have received the Report and Recommendation from the Magistrate Judge recommending that the District Court Judge grant the defendants' motion for summary judgment. You have fourteen (14) days from March 7 (until March 21) to file an objection to that Report and Recommendation and ask the District Court Judge to rule differently. If the District Court Judge follows the Magistrate's recommendation, summary judgment will be granted and you will have lost the case. You would still have thirty (30) days to appeal.

    If you would like to discuss it with me, please give me a call at your earliest convenience. I cannot go into detail in this letter because the Court rules require me

to file it with my motion to show that I put you on notice, and any communication we have about the merits of the case should be kept confidential.

    If I do not hear from you, I will assume that you have no objection to my withdrawal and you are aware of the status of the case. If you move while the case is still pending, make sure to keep the court aware of your current address.

                                       Sincerely,

                                       Craig T. Jones

Enclosure